

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GEORGE LANDT, individually and as co-trustees of the Landt Family Trust; et al.,

Plaintiffs,

v.

M&E BROTHERS, LLC; et al.,

Defendants.

Case No.: 3:25-cv-01364-RBM-DEB

**ORDER DENYING WITHOUT PREJUDICE MOTION TO CONSOLIDATE**

**[Doc. 14]**

Pending before the Court is Plaintiffs' Motion to Consolidate.  (Doc. 14.) Defendants M&E Brothers, LLC and Flor De Lys Barawid (collectively, the "M&E Defendants") do not oppose the Motion to Consolidate.  (*See* Doc. 25.)  Defendants Kim Buhler and Norman Alton Hortman, III, individually and as co-trustees of The Norman Alton Hortman and Barabara Hortman Revocable Trust No. 1 Dated July 2, 1985 (collectively, the "Hortman Defendants") filed an Opposition to Plaintiffs' Motion to Consolidate. (Doc. 26.)  Plaintiffs filed a Reply to Hortman Parties' Opposition to Motion to Consolidate.  (Doc. 27.)

The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1).  Having reviewed the filings above, and for the reasons below, the Motion to Consolidate (Doc. 14) is **<u>DENIED without prejudice</u>**.

1

## I.      BACKGROUND

Plaintiffs seek to consolidate this case, *Landt v. M&E Brothers, LLC*, 25-cv-01364-RBM-DEB (the "Landt Action") with *Pacific Resources Associates LLC v. Suzy Cleaners*, 20-cv-00234-RBM-DEB (the "Pacific Resources Action").  (Doc. 14 at 2.)[1]  Both actions concern a number of businesses in the Valley Plaza shopping center in Escondido, California.  (Doc. 246 at 2–4 (previous Court Order summarizing the allegations).)  At issue is who should be liable for the costs of cleaning up perchloroethylene that contaminated the soil beneath the shopping center.  (*Id.*)

**A.      The Pacific Resources Action**

The Pacific Resources Action comprises two consolidated cases: (1) 20-cv-00234 *Pacific Resources Associates LLC v. Suzy Cleaners* and (2) 22-cv-01892 *M&E Brothers, LLC v. The Estate of Barbara Hortman et al.*  Those cases were filed on February 6, 2020 and November 30, 2022, respectively, and were consolidated on June 13, 2023.  (20-cv-0234, ECF No. 1; 22-cv-01892, ECF Nos. 1, 20.)[2]  Before the Court are the remaining crossclaims and third-party claims in 20-cv-00234,[3] as well as the complaint, crossclaims, third-party claims, and counterclaims in 22-cv-01892.[4]

Discovery concluded on May 30, 2025 (*see* Doc. 323), and a new deadline for summary judgment motions will be set soon.  (*See* Docs. 187, 188 (vacating scheduling

---

[1]  The Court cites the CM/ECF electronic pagination for filings unless otherwise noted.

[2]  The rest of the citations in this section, including the footnotes in this section, are to the docket in 20-cv-00234-RBM-DEB.

[3]  *See* Doc. 171 (Notice of Settlement between Plaintiff Pacific Resources Associates LLC and all defendants); Doc. 115 (Kim Defendants' Second Amended Third-Party Claim); Doc. 129 (Hortman Defendants' Crossclaims and Third-Party Claims); Doc. 91 (Defendant Angela Hong's Crossclaims).

[4]  *See, e.g.*, Doc. 209 (Plaintiff M&E Brothers LLC's Second Amended Complaint against Hortman Defendants); Doc. 214 (Kim Defendants' Amended Crossclaim against Hortman Defendants and Third-Party Claim against M&E Brothers LLC); Doc. 245 (Defendant Carbone's Crossclaims and Counterclaims); Doc. 254 (Kim Defendants' Counterclaim against Defendant Carbone).

order deadlines); Doc. 344 (status conference regarding scheduling).)

**B.      The Landt Action**

The Landt Action was filed on May 29, 2025.  (Doc. 1.)[5]  Plaintiffs filed their Amended Complaint on August 7, 2025.  (Doc. 17.)  The M&E Defendants filed Answers to the Amended Complaint (Docs. 20, 21), and the Hortman Defendants filed a Motion to Dismiss.  (Doc. 22.)  That Motion to Dismiss is fully briefed and pending before the Court.  (*See* Docs. 24, 30.)  Discovery has not yet begun, nor has a Case Management Conference been scheduled given the pending motions in this case.

## II.      LEGAL STANDARD

"If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  "The purpose of Rule 42 is to give the district court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Taylor v. Amazon.com Servs. LLC*, No. 1:24-cv-01165-KES-BAM, 2025 WL 307469, at *4 (E.D. Cal. Jan. 27, 2025) (cleaned up).  Under Rule 42(a), the Court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."  *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).  The Court has "broad discretion to consolidate complaints."  *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016).  "The moving party bears the burden of showing consolidation is appropriate."  *Taylor*, 2025 WL 307649, at *4 (citations omitted).

## III.      DISCUSSION

Plaintiffs argue that consolidation is proper because the Landt and Pacific Resources Actions involve common questions of law and fact, and consolidation will improve trial

---

[5]  All citations in this section are to the docket in 25-cv-01364-RBM-DEB.

3:25-cv-01364-RBM-DEB

efficiency and prevent inconsistent adjudications.  (Doc. 14-3 at 7–9.)  The Hortman Defendants argue that consolidation is not appropriate because the Actions are in "drastically different case postures" and because consolidation brings with it the potential for undue prejudice stemming from the Landt Action's parties' current lack of discovery. (Doc. 26 at 5–8.)[6]

The Court agrees with Plaintiffs that the two Actions share some common questions of fact and law.  At their cores, they both concern the contamination of the soil below the Valley Plaza shopping center, and several of the parties in the Landt Action are also parties in the Pacific Resources Action.  The core legal questions—liability and allocation for the costs of cleaning up the soil contamination—are also similar in both Actions.  Nonetheless, the Court finds that consolidation is not appropriate at this time because the Actions are in different procedural postures and the risk of inconsistent adjudications is low.

First, consolidation would delay the Landt Actions' progression toward trial.  The Landt Action has not yet been set for a Case Management Conference and has a motion to dismiss pending, whereas the Pacific Resources Action has been pending for nearly six years and will soon have a deadline for filing motions for summary judgment.  *Accord Taylor*, 2025 WL 307469, at *5 (finding that the effort to be saved from consolidation was outweighed by the delay that would result because one case was eight years old and the other was "in the earliest stage of litigation"); *Dahhan v. OvaScience, Inc.*, Civil Action No. 1:17-cv-10511-IT, Civil Action No. 1:17-cv-12312-IT, 2018 WL 3429901, at *3 (D. Mass. July 16, 2018) (declining to consolidate cases because there was "a pending and

---

[6] In light of the Court's ruling, it does not reach the Hortman Defendants' arguments that: Plaintiffs' Motion to Consolidate should be dismissed for failure to adequately meet and confer; Plaintiffs' counsel's declaration violates the advocate-witness rule; and Plaintiffs' counsel may have a conflict of interest.  *See Liu v. Barrelet*, Case No.:3:23-cv-02186-RBM-SBC, 2025 WL 2109003, at *5 (S.D. Cal. July 28, 2025) (declining to dismiss the plaintiff's motion based on a conceded failure to timely meet and confer and proceeding to address the merits).

3:25-cv-01364-RBM-DEB

fully briefed motion to dismiss in [one], and no responsive pleading yet [in the other]"). Second, "the threat of inconsistent rulings is low considering both Actions have been assigned to the same judge who has knowledge of the facts and procedural background of both Actions." *Evraz Inc., N.A. v. Travelers Indem. Co.*, Civ. No. 3:11-cv-00233-AC, 2013 WL 6241984, at *3 (D. Ore. Dec. 3, 2013).

The Court is thus not persuaded that judicial economy would be served by consolidating the two Actions at this point, although the Court may see it differently in the future depending on the progress of discovery in the Landt Action and any other relevant developments. Accordingly, the Court will deny Plaintiffs' Motion to Consolidate (Doc. 14) without prejudice to any party's ability to file a renewed motion to consolidate at a later date.

## IV.    CONCLUSION

For the foregoing reasons, the Motion to Consolidate (Doc. 14) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

DATE:  January 27, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:25-cv-01364-RBM-DEB